In the Matter of the Estate of PETER W. GALLAUDET, Deceased.

Surrogate's Court, New York County, November 26, 1929.

*Louis Seigel,* for the petitioner.

*Ray H. Shoemaker* [*George L. Livingston* of counsel], for the contestant.

*Pickett & Pickett,* for the Ætna Insurance Company.

*Hamilton & Freeman,* for the American Surety Company.

FOLEY, S. On the settlement of the decree submitted on the accountings herein a question has been presented as to whether the decree may direct an administratrix, appointed in New Jersey, to refund to this estate certain sums, received by her as administratrix from one of the representatives herein, and claimed to be an overpayment to her.

Belle G. Beveridge, the former administratrix of Peter W. Gallaudet, the decedent here, paid the sum of $13,000 to Minerva B. Beveridge as the New Jersey administratrix of James W. Beveridge, deceased. It is claimed that this payment was made pursuant to an assignment to James W. Beveridge from Belle G. Beveridge of a one-third interest of the latter's intestate share in this estate. By reason of the acts and conduct of Belle G. Beveridge as the former administratrix, a surcharge is being decreed against her here. The surety on her bond now contends that this payment to Minerva as administratrix was excessive to the extent of approximately $7,600, and that such sum should now be directed to be returned to the estate of Peter W. Gallaudet for distribution in this proceeding.

I hold that the inclusion of such a provision in the decree to be signed would be improper and without legal authority. The New Jersey administratrix cannot be directed to return any part of the amount in question because this court has no jurisdiction in this proceeding to make any such direction. Minerva B. Beveridge appeared in these proceedings as an individual and not as administratrix, and no direction can be made herein which can be binding upon her as administratrix in New Jersey. (*Helme* v. *Buckelew,* 229 N. Y. 363; *McMaster* v. *Gould,* 240 id. 379; *Rogers* v. *Gould,* 210 App. Div. 15.) In the cases cited the courts discussed former section 160 of the Decedent Estate Law (and its predecessor, section 1836-a of the Code of Civil Procedure), which provided that foreign executors or administrators might sue or be sued in this State, and determined that our courts were without jurisdiction to bind foreign executors and administrators. It was uniformly held therein that section 160 of the Decedent Estate Law, as it then existed, was intended to remove the disability and allow the foreign executor or administrator free access to our courts, " but not to remove their

immunity from action in this State; that the law was unchanged in that regard." (*Rogers* v. *Gould, supra,* citing *Helme* v. *Buckelew, supra.*) In *McMaster* v. *Gould* (*supra,* at pp. 385, 386) the court, following the *Helme* case, said: " consistency requires us to say that the statute registers a futile effort to bind foreign administrators by a judgment *in personam* and as to them is unconstitutional in its inception. The foreign administrator as the official of another sovereignty exists only by virtue of the statute of another State and has no legal existence in this State. * * * The executor as individual and as an official is in the theory of law two persons. Even as to foreign executors, there must be a domicile or possession which gives to the *res* to be administered a situs in New York." Section 160 of the Decedent Estate Law has, since the rendition of these decisions, been repealed by chapter 660 of the Laws of 1926.

Cases often arise in this court in accounting proceedings where citation may issue to a foreign executor or administrator, particularly as the legal representative of a deceased legatee or distributee. In such cases the basis of our jurisdiction is the presence in this State of assets of the estate, and the necessity of making a proper and conclusive decree to adjudicate the rights of all persons interested in the estate. But that situation is not present here. In this estate nothing remains to be distributed to the foreign administratrix. The surety seeks to obtain in effect an affirmative judgment in our decree compelling the return of moneys. Neither the surety nor the personal representative of the estate could successfully maintain an action to procure a judgment *in personam* in any other forum in this State because of lack of jurisdiction, and for the same reason the Surrogate's Court is powerless to decree the personal liability of the foreign representative.

Because of my conclusion it is unnecessary to determine whether there has been any overpayment to Minerva B. Beveridge as administratrix. She contends that upon the receipt of the $13,000, she, as administratrix of James W. Beveridge, distributed it almost entirely to the creditors of her deceased husband. She further claims that she can only be held to account in the domiciliary State of New Jersey. It may be that the proceedings in that State may show that the transaction between Belle and Minerva was entirely proper as a voluntary payment by the former within the limits of her legal share of the estate. But that question cannot be adjudicated in this proceeding.

The provisions in the proposed decree relating to the refund from Minerva B. Beveridge, as administratrix of James W. Beveridge, should, therefore, be stricken out. Costs taxed. Correct and complete decree in accordance with this decision and resubmit the same for signature.